United States District Court
Southern District of Texas

**ENTERED**
June 29, 2020
David J. Bradley, Clerk

United States District Court     Southern District of Texas

| | | |
|---|---|---|
| Progress Residential, as agent for Property Owner 7, LLC, <br>    Plaintiff, <br><br>v. <br><br>Vincent Jefferson and Dezra Jefferson, <br>    Defendants. | § § § § § § § § § | Civil Action H-20-544 |

# Memorandum and Recommendation

Progress Residential has filed a motion to remand this case back to state court. (8) The Jeffersons did not respond. The court recommends the motion be granted.

Because the Plaintiffs did not respond to the motion to remand, it is unopposed, and the court will take the facts set forth in the motion as true. *See Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 556 (5th Cir. 1964) (holding that, in ruling on an unopposed motion, the district court is "justified in deciding the motion on the papers before [it]"). On August 27, 2019, Progress Residential filed an eviction suit against the Jeffersons in the Justice Court of Harris County, Texas. Defendants were served on September 9, 2019. Defendants filed a bankruptcy petition in the Southern District of Texas on September 17, 2019, which was dismissed on January 7, 2020. The Texas court granted judgment for Progress Residential on February 18, 2020. On the same day, the Jefferson's removed the case to this court.

The Defendants' notice of removal is largely unintelligible, and the court does not know the basis on which this case was removed. In any event, the notice of removal was late. A notice of removal must be filed within thirty days of service of the initial pleading or receipt by the defendant of any paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b).

The identity of the parties, the nature of the case, and the amount of controversy has been known to the Jeffersons since September 2019. (8 at 1.) Even if the Jeffersons could show that this court has subject matter jurisdiction, removal was nevertheless improper because they waited until February to file their notice of removal. The court recommends that the motion to remand be granted.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 29, 2020.

_____
Peter Bray
United States Magistrate Judge